May it please the Court, my name is Jesse Kaplan on behalf of Michael McNabb, the appellant. I don't think I'm going to need anywhere near the full amount of time allotted to me. That's fine. I'll reserve whatever remains. I am prepared to make only three points, the first of which is only historical, and that's to remind this Court that the Ninth Circuit in the 1980s was somewhat courageous in the area of this continuing disability review in certain cases, including Patty v. Schweiker and Lopez v. Heckler. Next, I think there's kind of some predicate error in this case that hasn't really been discussed before. Aside from the predicate error that I've certainly talked about, that really factually Michael McNabb does have some evidence that he was disabled before January 31, 1996, or whatever the date is, there's a more problematic problem, which is that really nobody very well discussed this case in terms of the proper procedure for analyzing these cessation cases, which is actually different from the five-step sequential evaluation that is applied to initial disability applications. There's really this extremely befuddling eight-step sequential evaluation found in 20 CFR sections, 404.1594F and 416.994B. And aside from whatever problems this may raise for this case being this far along without it really having been properly analyzed, those sections provide yet more language that could be construed as being ambiguous if one wants to try to do that, or which can be looked at as a source of trying to resolve this supposed ambiguity that's ‑‑ Would you just explain briefly where the district court went wrong in your view? Well, I think just in blithely accepting the idea that the language is ambiguous, that that's the basis for the line of authority that has to be the division in the line of authority here. I mean, I don't know if I should be simply citing you to 42 U.S.C. section 423, where you've got the words, any determination I think of everybody or the U.S. attorney has always wanted to say that was ambiguous but never quite got a chance because the court in Washington, D.C. wouldn't let it. I don't know if the other ones are current condition and new evidence. What ‑‑ is this what Your Honor is looking for in terms of what are the ambiguous ‑‑ what is the ambiguous language? What is it that you want to show that the district court didn't let you show? That its interpretation doesn't let you show? Well, I think I really didn't want to spend a lot of time talking about the idea that this language is ambiguous because I don't have anything to add really to the discussion. I think to call it ambiguous is really pushing things I think. I've heard all the earlier arguments this morning and there's been plenty of other statutes that were equally susceptible to ambiguity. You can make almost anything be ambiguous if that's your goal. But just in terms of your client, your client had a disability that the social security people determined ceased as of a certain time. What is it, January 31st, 1996? All right. And the district court upheld that ruling. And you want to show that there was a different disability, is that correct? Yes. That existed as of what time? That's what I'm trying to understand. Well, there are two issues here. I see where you're going. Yes, I think the district court did miss the fact that there was evidence that this disability began before the cessation date so that we don't even have this problem of first impression for the Ninth Circuit. Okay, so that the district court was wrong in failing to recognize that the disability existed as of the time of the cessation date? Yes, it seems to. It was so anxious to open up this can of worms that it missed that point. I mean, it's scarcely you have to go through the record with a fine-toothed comb, but it is there at only two pages of the record. If you want, I can give them to you. I think one of them is 276 and the other is two or four pages away from it where the surgeon who actually did the back surgery on Mr. McNabb says, yes, this injury is traceable to a chiropractic maneuver that was done to him in January. Yeah. Or words to that effect. And was that clearly presented to the district court and argued to the district court? Yeah, I believe that I argued. Of course, this entire situation didn't the district court, the magistrate, raised the issue only after we'd filed our briefing. So then this whole situation was argued in the form of context of supplemental briefs. But, yeah, I made that point. I'd like to get to the – that's an easy way to decide this case. Yeah. Assuming for the moment that the easy way is not available to us, it may well be. So I'm not asking you to concede that. I mean, I'm just – I want to go to the harder – what I think is the harder question. And that is, as I understand the legal question, it is between the time of the determination by the Social Security Administration that benefits should be terminated because the client is no longer disabled and the time of the hearing in front of the ALJ, the question is whether or not evidence of disability or lack thereof between those two time periods should be considered by the ALJ. That's the question. That's the question. And as I read the statute, it says that the determination must be made upon – and this is just the subsection F – now able to engage in gainful activity, new evidence prior or current condition. That suggests that that determination must take into consideration whatever evidence is available at that time to determine the current condition. And the only question I have, and I think it's answered pretty straightforwardly, this statute speaks to an ALJ decision, not merely to a Social Security Administration decision that triggers an ALJ hearing. Well, I certainly agree with you. Is that clear? Well, I mean, I think it's a – I mean, isn't – I think it's a clear – I don't know. It's as clear as – as I say, as other statutes having nothing to do with this that I heard talked about this morning. I think this is a forced ambiguity. Well, it says any determination. I assume that the ALJ is making a determination. I assume the Social Security Administration earlier is also making a determination. It says any determination. And the ALJ is clearly making a determination. Sure. And I believe – I mean, I think there's at least three different either words or phrases in those few sentences that you're quoting from. And I think really, in point of fact, the two words, any determination, were what never has been actually litigated before, that the U.S. attorney wanted to raise that in the Washington, D.C. case, but were precluded because they had never talked about it before. I think you could probably find more words and phrases in those few sentences that you could argue are ambiguous. The phrase any determination occurs twice in two sentences there. The point being, of course, the basic point being, of course, that we do it one way with initial applications, and why would we be doing it this other way on cessation cases? And the problem that I have is the way this case arises. You can't present evidence about the way these things really happen, except, hey, look what happened in this case. Nobody even thought of this idea until after the briefs had been filed in the district court. This is just the way we do things. This is the way we do things in Social Security. And there's all kinds of fairness arguments which really apply even more strongly in the cessation context than they do in the initial determination context, why this case should be decided my way and not Social Security's way, but I am kind of arguing outside the record to be able to do so. If the court wants to hear about them, I'm happy to talk about that. Well, let me ask you another question. If we have injuries occurring after the cessation date of benefits, isn't there a requirement that disabled individuals be continuously disabled in order to receive benefits? Are you saying that the injury occurred before the cessation date, but greater injuries as a result of that initial injury manifested themselves between the cessation date and the hearing date? Well, I'm not – I didn't perhaps completely follow what you said. It's kind of my – the last point that I wanted to make, just in passing or as part of responding to that, it seems to me one of the main things that the Johnson v. Apfel court, the decision that goes against my position, had is a completely ridiculous notion, namely that it's some kind of nightmare if people's periods of disability stop and start again. And just in that regard, let me just read the last sentence of acquiescence ruling 92-26, which I guess I don't have to explain. I mean, this may be even going too far to even say this, but does this sound hard? In every case where it is established that the claimant was not continuously disabled through the date of the appeal determination, the adjudicator will fully explain the basis for the conclusion's reach and will state the month that the claimant's disability ended and, if applicable, the month a new disability began and any intervening months of non-disability. We do this every day. I'm sorry. You were reading from what? The very last sentence of acquiescence ruling 92. Oh, I see. Okay. I'm with you. There is just no problem stopping disability and starting disability and figuring out. I mean, yes, it's hard to do sort of, but that's what we're here to do every day in terms of deciding cases. But I think what the question maybe gets at is I'm more bothered myself by the language in 42 U.S.C. section 416.12b, no period of disability shall begin as to any individual unless such individual files an application. With respect to such period, I think my response to that is to read that too closely or to emphasize that too heavily is to exalt form over substance. First, you could just deem every cessation appeal to be an application. Second, you could just forget about the whole idea that these are called appeals and call them applications. If you don't like the fact that your disability benefits are being ceased, instead of calling it an appeal that you're doing, you just say that you filed an application. And then you can still adjudicate them through this eight-step instead of five-step sequential process if you want to, but you can call them applications instead. But also, what about amended onset dates? What about ALJs on initial applications day in and day out finding a different onset date than the one that the claimant alleged in his application? If you read this language closely enough, then there's a problem there, but there shouldn't be. And there also turns out to be a series of practical problems if there's a disability based on multiple problems. And if one problem gets a little sort of ameliorated, one problem gets a little worse, well, maybe there was a cessation on the first round, but the other problem that was always there is a little worse. There's an administrative tangle there that seems to me that the administration's position invites us to play with every time. Yes. I think there are all kinds of practical problems, some of which I have some problems discussing without going outside the record, but, I mean, I raised one of them, which is that the smart claimant is forced under the administration's position to both appeal and file an application, and what else are you going to do? But that's silly, and then what are we going to do with these two different parallel procedural things that are going on? It's really kind of silly, so it goes back to what I said. Why don't we just stop calling them appeals and call them applications if we're going to exalt that particular language to the point where filing an application is so important? Yeah, as a practical matter, probably the majority of initial cases are decided at step five, and they're decided on the basis of a combination of impairments. Another practical problem, which I do advert to in the briefing and which is to some extent exemplified by this case, is unless you've got a reasoned administrative law judge decision to look back to on the initial claim, you can't really tell exactly why a person was granted disability benefits. And still another thing that is outside the record is that isn't really exactly what they do. They have what's called comparison point determinations or decisions. They don't look back all the way to the first time the person got found disabled. They look back to the last time they looked back, and the focus kind of narrows in terms of impairments. You know, if the person came up for disability review and got sent out for a consultative exam to one kind of doctor who said he was disabled for one kind of reason, all of a sudden he's really now disabled just for that reason, even though he was disabled for more reasons before, you were right. It's a nightmare if you adopt the position the administration wants to adopt. What wants to adopt? That the administration, yeah, it is inviting a nightmare for itself. But, of course, the good side for the administration is that this is going to defeat claims. It's going to keep claimants out of benefit status for a while. So are you saying that this is entirely new? Entirely new, did you say? Yeah. The administration? Yeah. Well, somebody's thought of it because they came up with acquiescence ruling 92-7, but I seriously doubt that's what's really happening around the country. We do with that ruling. Is it entitled to Chevron deference? Is that kind of ruling entitled to Chevron deference? To what kind of deference? Chevron deference, deference. Oh. Under the controlling Supreme Court precedence. I mean, that is the question. Yes. I mean, that's all that the district court said. I don't think it said anything more than that. It said the administration has spoken in the form of that acquiescence ruling. That's where it spoke, and that's what I, the district court, am giving deference to. Yeah, well, doesn't Barnhart v. Walton kind of say that it is because there's not formal rulemaking? It doesn't matter? Well, I'm not familiar with the particular case that you're citing. Well, what do we do with it? I mean, you're writing an opinion, and we're supposed to deal with this. It's not entitled to deference if the law is reasonably clear. And the law is reasonably clear. I think the acquiescence ruling springs straight out of the idea that there's this ambiguity in the language that we've been talking about. And it's a forced ambiguity. To me, those ambiguous words are less troubling than the need to file an application. Well, isn't there a real distinction with the Barnhart case? In this case, there is no regulation to which Chevron deference would presumptively apply. If there's no agency interpretation that was promulgated for the purpose of advancing the interpretation that the government now advocates, then there is no Social Security ruling affirmatively setting out the cessation date. So I would think this would be distinguishable. On acquiescence ruling, it's kind of a strange beast. It's saying this case already came out, and now we don't really like it. Well, okay. You've used your time. Okay. Thank you. Thank you. Good morning, Your Honors. I'm Carolyn Gulseth, representing the Commissioner of Social Security. The statute and the regulations are ambiguous. In terms of when Judge Fletcher referred to Section 423F, any determination shall be made on the basis of all the evidence available in the individual's case. Excuse me, Counsel.  Oh, sorry. Any determination shall be made on the basis of all the evidence available in the individual's case file, including new evidence concerning the individual's prior or current condition, which is presented by the individual as secured by the Commissioner. Social Security has interpreted, through its regulations and the ruling, that current means at the time of the cessation. Social Security takes into account that there may be new apparentments at the time of the cessation that weren't the basis of the original disability and will consider those. For instance, in Mr. McNabb's case, we sent him to an orthopedic examination because there was some indication that he had a back problem. However, the Commissioner submits, contrary to what Mr. Kaplan had put forward, the back condition was not disabling at the time of the cessation date. It must be this on the statutory text. That is to say, it says any determination shall be made. And you're saying that the agency's position is that current means as of the time of the cessation determination. Are you saying that determination, when it says any determination, does not refer to an ALJ determination? I think, well, any determination, again, I mean, and this probably helps my point, it's ambiguous. Why is that ambiguous? Is it any determination? Is the ALJ making a determination? Actually, technically, under the regulations, we refer to the ALJ's findings as a decision and the lower level adjudication is considered determination. The decision is not a determination? But in the statute. I think even if it refers to an ALJ decision, the any determination, that the Social Security interpretation is still permissible in terms of the prior or current condition because the ALJ decision, the ALJ is adjudicating whether the cessation was appropriate. Yeah, well, but if, and I understand that you're a little hesitant about agreeing with me on this point, but if any determination includes within its scope a determination by the ALJ, if the sentence then reads, I guess I'll just let me make sure I got the text in front of me so we're playing with the same language. Any determination under the section shall be made on the basis of all evidence available in the individual's case file including new evidence concerning the individual's prior or current condition. That's an odd reading if you're talking about the determination by the ALJ and then you're talking about current condition, but you're not talking about the condition that exists as of the time of the ALJ's decision, but rather the condition that exists at the time of the cessation decision. That's really a peculiar reading of that sentence. Current, I would think, would mean current as of the time of the determination in question. Prior is what happened back at the cessation or maybe some other prior time, but current means at the time of the determination is being made. Wouldn't that be a normal reading of that sentence? It's one reading. How about a normal reading? It's a reasonable reading. Yeah, I would say, for me, I think the game may be determined in terms of how I read this sentence. Based upon what determination refers to. And if determination refers to an ALJ determination, the natural reading to me of current is current as of the time of that determination. So from your standpoint, you were right to hesitate to agree with me on any determination issue. I think the commissioner's position is that the Social Security interprets any determination as the cessation determination and that, therefore, any appeal on the cessation determination would be focused on that narrow issue. Now, what about the following case? Let's imagine that we have someone who is the cessation determination. I want to make this a nice, simple case. There's a cessation determination. And at the time of the cessation determination, you know he really is disabled. And when the ALJ really starts to look at it, you know what? That cessation determination was just wrong. But between the time of the cessation determination and the ALJ hearing, he's jumping around, he's boxing with Cassius Clay, he is not disabled at all. Is your position that the ALJ, nonetheless, has to say that he's disabled because at the time of the cessation decision that decision was erroneous and the ALJ is not allowed to determine what his current condition is at the time the ALJ is looking at it? I think under that circumstance, again, it would be a question of the cessation of the disability. The only thing the ALJ is allowed to look at is his condition at the time of the cessation determination. The ALJ is not allowed to look at the fact that he's coming in in his basketball shoes and he's looking great when he's in front of the ALJ. That doesn't count. He still gets his disability? No, the ALJ would cease the benefits but at a later date. Well, why do you do it at a later date? Because under your reading of this, he can't look at anything that's post the time of the cessation determination because that's just how you read current, current as of the time of the cessation decision. I guess I should explain it in terms of the way Social Security and Mr. Kaplan's reference to Section 416 of the Social Security Act and all of the regulations, although, are set up so that a claimant must file a claim in order to get benefits. And once a determination is made with respect to that claim, it closes out that claim, if you will. So like in Mr. McNabb's case, when he filed in 1991 and was granted and Social Security found that his disability ended as of 1996, that closed out that prior claim. Now, I suppose under the scenario that you pose, the ALJ still, even under the Commissioner's interpretation, could say that I find that your disability with respect to that 92 disability finding continued, and I disagree with the lower level adjudication and find that you ceased later. But in order to adjudicate a new disability... No, you know what, I want a simpler case. I don't want a new disability. I want a good old-fashioned, he had a really bad back, and he only had a really bad back. Everything about him except for the bad back was great. The cessation determination says, you know what, your back is better, and ceases benefits. He says my back is not better, and he's right at that time. Yes. Between the time of the cessation determination, which is clearly erroneous on a hypothetical, and the time of the ALJ hearing, his back is terrific. And at the time of the ALJ hearing, he is not disabled by anybody's definition. Now, I ask you with respect to this nice, clean, simple case, is the ALJ limited to saying the cessation determination was wrong, he was disabled at the time of the cessation determination, I can see as plain as the nose on my face that he is healthy as a horse right now, but I have to continue benefits. Is that what the ALJ is required to do? No. Why? I mean, I think you just gave the case away in terms of your reading of current. Because in your hypothetical, the ALJ is still determining the appropriateness and the timing of the cessation. Well, the ALJ has decided at the time of the cessation that determination is just wrong. He was flat on his back. His back was horrible. So that was wrong. Right. But now, a year later, when we're in front of the ALJ, he's doing great. And you're saying that the ALJ can find that because he's doing great now, benefits can properly be seized? Is that what you're saying? Yes. But I don't think that's inconsistent. I think he's doing that because he's making a determination, and based on the new evidence, he is currently not disabled. Wouldn't your answer be that as the time of cessation, that determination was really wrong, that he wasn't disabled? Therefore, the ALJ says he gets benefits as of the time of cessation, but not beyond, because that's the only issue before the ALJ. Wouldn't that be his answer? Under Judge Fletcher's hypothetical, what the ALJ? Under the current rules. He is disabled, but they find him not disabled and seize his benefits. The ALJ says, as of the time of cessation, he was disabled. I reversed. He gets benefits. But that's a different hypothetical. That's similar, yeah. I think it is. Yeah. Oh, okay. The benefits would continue up through when the ALJ found the disability ended. However, I see what you're saying, that the ALJ. Under your reading, how can the ALJ have any ability to decide that the disability has ended? Because under your reading, the ALJ can only look at the state of affairs. At the time of the lower level. In that case, then, I probably have misspoken. The ALJ would be required to continue disability and probably recommend that another continuing disability review be initiated. Now I am confused. Take a simpler hypothetical. If you take the hypothetical, there is a disability, that there's a cessation ruling. And I thought Judge Nelson was saying that was wrong, that in fact he was still disabled. Well, yeah, but the ALJ says he was wrong. The ALJ says it's wrong. Okay. Now, but suppose, I thought the hypothetical was if he, there is a cessation, but in the meantime, he gets better. He's not disabled anymore. Then, as I understand what you were saying, the ALJ is not permitted to look at that intervening evidence. He or she can only look to what the evidence was at the time the cessation ruling was made. And so, therefore, he is disabled. Or rather, wait a minute. As of this time, it's cessation. Cessation, yeah. And I would have thought that you would say, no, they could look at all the evidence at the time of the, before the ALJ and say that he's not disabled. That's what she first said. Yeah. But I talked her out of it. Yeah. Well, now I guess I'm trying to talk her back in. I think when I responded to Judge Nelson, that the ALJ would disagree with that, he found that, no, the person continued to be disabled under your hypothetical, where, you know, the ALJ decided our lower level was wrong. Your disability continued through that date. The claimant's benefits would continue, and I believe at that point the ALJ would most likely recommend that a new continuing disability review be conducted. So how would he even know under your interpretation whether one should be conducted? Because no new evidence of what happened after that time should properly be in front of the ALJ. I guess he can see that the guy's walking around okay, but that's his only evidence that he's got this person who seems to be walking. But an ALJ can always, has the discretion to recommend, like, in six months, for instance, you know, that this person be. Now that I've talked you out of your first answer, let me say or suggest to you that the answer you came up with second, and this is not a personal comment, that's a really stupid answer, stupid in the sense of administrative efficiency. Not stupid on your part. No, I think you're following along and doing beautifully. But from the standpoint of administrative efficiency, why in the world, given that you're having an evidentiary hearing in front of an ALJ, and the question is whether the person is disabled or not, why don't you decide right then whether he's disabled? I mean, that's the time you're taking testimony from him. That sounds like a perfectly efficient way to go about it. And if he's not entitled to benefit because he's no longer disabled, why don't we cut him off right now instead of forcing this commissioner to go back through this other proceeding and get a cessation determination and so on. Meanwhile, he's getting benefits to which he's not entitled. You've got another procedure that's expensive to all concerned. That's really silly. Well, I think two responses. One is that, again, I mean, the commissioner's position would be that the statute is ambiguous, and the commissioner has decided to interpret it in this way, which is permissible, and is entitled to some deference, if not Chevron deference, then deference under the additional citation that I provided this morning, our versus Robbins. And it wasn't Social Security anyway. I'm sorry. It wasn't Social Security. Well, that's true. And the second response would be that all of the regulations are set up so that a new claim triggers a new analysis. And in order to get a new analysis, you must file that new application. But now you're getting to this case, are you not? You mean where there's a different disability? Correct. It's the opposite from the hypothetical. You've moved from my simple hypothetical, which we had trouble with, to the harder hypothetical that's this case. Yes, indeed. And Social Security provides several safety nets to an individual in Mr. McNabb's position. That is, the person is notified that their disability benefits are going to end, and they are given appeal rights. They are also given interim benefits while they appeal that cessation, and they are told, as he was here in his notice, that if he felt that he was disabled again or his condition was worsening, to go to his local office. So do all of those little advisories and regulations and things of this sort, are they pretty clearly related to the disability that was ruled to have ceased? The condition that he was – that caused the prior disability and that had been determined to have ceased? I'm sorry. Could you repeat that? You were saying that he is told that he has certain appeal rights. Yes. And certain – there are places that he can go for review. Correct. I'm just saying, are all of those clear that you're talking about review of the cessation of the original disability? Because what we have here is a claim that he has a different condition. Yes. Which is taken into account at the time of cessation. So even though – like, for example, this gentleman was paid because of disabling alcoholism and substance abuse. When Social Security conducts a continuing disability review, it will give the person notice that this is what we're doing. We want to find out what's going on with you currently, and gathers medical evidence and sends them to consultative examinations, which happened in this case in December of 1995. Now, at that point, Social Security is not just looking at the alcoholism and the substance abuse and the – I think it was the antisocial personality disorder, but also looking at what else is going on with you. The work. Yes, exactly. Overall. And even if a back condition came up at that time and was disabling, Social Security would continue those benefits. It would take into consideration a different impairment. Again, it just has to be the degree of the impairment at the time of the cessation. I'd like to ask just a different question about deference owed to an acquiescence ruling. Now, it seems to me that the acquiescence ruling here was promulgated to implicate the Sixth Circus ruling indifferent, not to set policy in other circuits on which benefits may be terminated. Why is it entitled to any deference? It was – well, two things just to clarify. It was issued in response to the differed ruling to state, this is our policy and differs from it, if you will. So in that sense, it was a statement of policy, of nationwide policy, not only explaining how they were going to extend the differed ruling in the Sixth Circuit, but having said that – What kind of procedures did SSA go through to formulate this acquiescence ruling? Is there any case law that would say we owe deference to an acquiescence ruling of this nature? In – I'm sorry if I mispronounced the name of the case, Quang Han Van v. Bowen, which I cited in my brief, refers to Social Security rulings being given deference unless they are erroneous or inconsistent with the regulations or the Act. And also under the citation that I provided earlier, our v. Robbins in the Supreme Court held that an agency's interpretation of its own regulations when ambiguous are entitled to deference. Isn't that what Barnhart holds? Yes. You know, we're over time and I apologize for holding everybody, but this is such a – I mean, the whole question we're dealing with. I'm reading the second to the last sentence of the acquiescence ruling, which says – and this is now the commissioner's position – if, on the other hand, the adjudicator determines that the initial cessation determination was not correct, in other words, the cessation decision was he's not entitled to benefits, the ALJ, however, says that's not correct. If, on the other hand, the adjudicator determines that the initial cessation determination was not correct, the adjudicator will determine if the evidence establishes medical improvement as a basis for termination of the benefit as of any time through the date of his or her determination or decision. I think that's the first answer you gave me, the one that you came later to regret. I'm sorry. Will you read that? Yeah. Are you with me? We can read together. I'm at the very end of the acquiescence ruling. The second to the last sentence of that acquiescence ruling that begins, if, on the other hand – last paragraph. Oh, I see. Well, you're reading the explanation of how Social Security will apply differed. Oh, I'm sorry. Which is different. Within the circuit. Within the circuit. Everywhere else. I'm glad I asked the question because I was under misapprehension. Good for you. Thank you. That helps. Thank you. Okay. Thank you. Does anyone have any questions of the appellant? Yeah. Well, come to the microphone. Yeah. We went over the Commissioner's time, so we'll give you a minute. Let me try to make this one sentence. Speaking of the issue of how to deal with the acquiescence ruling, the acquiescence ruling only speaks to the ambiguity of the word current. And I count at least four words or phrases that are arguably ambiguous. Any determination, all the evidence available, new evidence, and current conditions. So. Okay. Thank you. The case just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned.
judges: Schroeder, Dw Nelson, W. Fletcher